IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

PHILIP JORDAN, JR.,                            )
                                               )
            Plaintiff,                         )
                                               )
      v.                                       )           CV 125-299
                                               )
FAMILY DOLLAR STORES OF GEORGIA, )
LLC,                                           )
                                               )
            Defendant.                         )
                                       _____

**O R D E R**

_____

Plaintiff filed the above-captioned case on December 17, 2025. (Doc. no. 1.) Because he is proceeding *pro se*, on December 18, 2025, the Court provided him with basic instructions regarding the development and progression of this case. (Doc. no. 4.) The Court explained Plaintiff is responsible for serving Defendant in accordance with Federal Rule of Civil Procedure 4 and directed the Clerk of Court to attach a copy of Rule 4 to the December 18th Order so that Plaintiff could determine the appropriate method of service for Defendant. (Id. at 1.) The Court specifically informed Plaintiff, under Fed. R. Civ. P. 4(m), he had ninety days from the complaint filing to accomplish service and that failure to accomplish service could result in dismissal of individual Defendants or the entire case. (Id.)

Now, the ninety days allowed for service has elapsed, and there is no evidence in the record that Defendant has been served. While the docket reflects the Clerk of Court issued a summons for Defendant the day Plaintiff filed his complaint, (doc. no. 2), there is no return

of service as is required by Rule 4(l).  Indeed, there has been no case activity docketed since the Court entered its instruction order on December 18th.  (Doc. no. 4.)

Rule 4(m) empowers courts with discretion to extend the time for service when a plaintiff demonstrates good cause for failing to timely serve process or any other circumstances warrant an extension of time.  Henderson v. United States, 517 U.S. 654, 662-63 (1996); Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005). Accordingly, Plaintiff shall have fourteen days from the date of this Order to explain the reason(s) for the delay in service of process and why this case should not be dismissed without prejudice for failure to timely effect service.  The Court **DIRECTS** the Clerk of Court to attach a copy of Rule 4(m) to this Order for Plaintiff's perusal.

SO ORDERED this 18th day of March, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

2