IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

PHILIP JORDAN, JR.,                     )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )        CV 125-299
                                        )
FAMILY DOLLAR STORES OF GEORGIA,        )
LLC                                     )
                                        )
            Defendant.                  )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff filed the above-captioned case on December 17, 2025.  (Doc. no. 1.)  On December 18, 2025, because Plaintiff paid the initial filing fee and is proceeding *pro se*, the Court provided him with basic instructions regarding the development and progression of this case.  (Doc. no. 4.)  The Court explained Plaintiff is responsible for serving Defendant and directed the Clerk of Court to attach a copy of Rule 4 to the December 18th Order, so Plaintiff could determine the appropriate method of service for Defendant.  (Id. at 1.)  The Court specifically informed Plaintiff that, pursuant to Fed. R. Civ. P. 4(m), he had ninety days from the complaint filing to accomplish service and failure to accomplish service could result in dismissal of the case.  (Id.)  When the ninety days for effecting service under Fed. R. Civ. P. 4(m) expired and there was no evidence Defendant had been served, the Court entered an Order on March 18, 2026, directing Plaintiff to show cause why this case should not be dismissed without prejudice for failure to timely effect service.  (Doc. no. 5.)  Plaintiff did not respond.

Plaintiff has not shown good cause for failing to timely effect service, and the Court finds no other circumstances warrant another extension of the service period. The Advisory Committee Note to Rule 4(m) provides guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Advisory Committee Note to Rule 4(m), 1993 Amd.). The record does not reflect any attempt by Plaintiff to cure or effect service, let alone suggest Defendant may be evading service.

Moreover, to the extent the statute of limitations may bar a refiled action based on the date the Equal Opportunity Employment Commission issued its Determination and Notice of Rights, (doc. no. 1, pp. 5, 8-9), there is no reason to believe Plaintiff does not understand the necessity of deadline compliance.[1]  Instead, Plaintiff has simply not responded to the Court's show cause order or otherwise taken any action to advance the case since December 2025, which is when he filed his complaint. Thus, Plaintiff has effectively abandoned his case. A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts

---

[1] In any event, nothing about dismissal without prejudice for failure to timely effect service will impact Plaintiff's ability to argue for tolling the applicable statute of limitations or otherwise arguing any refiled action is timely. See Gant v. Jefferson Energy Coop., 348 F. App'x 433, 434 (11th Cir. 2009) (*per curiam*) (explaining 90-day time limit for filing civil action after receipt of right-to-sue letter is non-jurisdictional and subject to equitable tolling); see also Bost v. Federal Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004) (explaining a plaintiff must establish basis for equitable tolling in employment discrimination case).

possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").

Additionally, the Local Rules of the Southern District of Georgia provide that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1(c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

In sum, Plaintiff commenced this case over ninety days ago, and the Court has warned Plaintiff on multiple occasions that failure to effect service would lead to dismissal of the entire case.  (See doc. nos. 4, 5.)  Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice for failure to timely effect service on Defendant and abandonment of the case.  See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991); Eades, 298 F. App'x at 863; Fed. R. Civ. P. 41(b).

SO REPORTED and RECOMMENDED this 8th day of April, 2026, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3